Prob 12(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. ALEXANDER PADILLA                                                  Docket No. 02-00027-001 ERIE

### Petition on Supervised Release

    COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ALEXANDER PADILLA, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 17th day of May 2004, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic drug tests thereafter. Further, the defendant shall be required to contribute to the cost of services for any such treatment not to exceed an amount determined reasonable by the probation officer's sliding scale for substance abuse treatment services.
- The defendant shall pay to the United States a special assessment of $100.

05-17-04:    Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 5 Kilograms or More of Powder Cocaine; Sentenced to 48 months' custody of the Bureau of Prisons, to be followed by 5 years' supervised release.

01-12-07:    Released to supervision; Currently supervised by United States Probation Officer Barbra Somoano, Southern District of Florida.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

    Your Petitioner reports that upon his release from custody, Mr. Padilla was instructed to participate in outpatient drug and alcohol counseling and also participate in a random drug testing program through the Code-A-Phone Drug Testing Program. The Probation Office discovered that Mr. Padilla failed to submit to drug testing on the following dates: March 21, 2007; April 6, 2007; May 4, 2007; June 12, 2007; July 6 and 26, 2007; and August 16, 2007. Mr. Padilla was confronted on August 17, 2007, regarding the failure to submit to testing, and he admitted to failing to report for drug testing. Mr. Padilla agreed to a modification of his supervised release to include 120 days on home confinement with electronic monitoring.

    On August 17, 2007, Mr. Padilla signed a Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Time of Supervision (enclosed), in which he agreed to the following modification of supervision: The defendant shall participate in a home confinement program for a period of 120 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the United States probation officer. The defendant shall maintain a telephone at his place of residence without call forwarding, call waiting, a modem, caller ID, and call back/call block services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the United States probation officer. The defendant shall pay for the electronic monitoring equipment at a rate of $3.25 per day.

U.S.A. vs. ALEXANDER PADILLA
Docket No. 02-00027-001 ERIE
Page 2

PRAYING THAT THE COURT WILL ORDER that the defendant shall participate in a home confinement program for a period of 120 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the United States probation officer. The defendant shall maintain a telephone at his place of residence without call forwarding, call waiting, a modem, caller ID, and call back/call block services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the United States probation officer. The defendant shall pay the cost of electronic monitoring equipment at a rate of $3.25 per day.

ORDER OF COURT

Considered and ordered this 2nd day of Oct., 2007 and ordered filed and made a part of the records in the above case.

_Maurice B. Cohill, Jr._
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2007

_David J. Conde_
U.S. Probation Officer

_Gerald R. Buban_
Gerald R. Buban
Supervising U.S. Probation Officer

Place:   Erie, PA